UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MATTHEW VOWELL,

     Plaintiff,

vs.                                                                        Case No. 17-13742

DETROIT MEDICAL CENTER,                                 HON. AVERN COHN

     Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE SUMMARY JUDGEMENT (Doc. 3) AND DISMISSING CASE

I.

     This is an employment case.  Plaintiff suffered a knee injury at work.  Plaintiff

says than defendant refused to employ him once he was cleared to return to work.

Plaintiff sued defendant in state court, asserting the following claims:

| | | |
|---|---|---|
| Count I | violation of Michigan's Persons With Disabilities Civil Rights Act |
| Count II | violation of ERISA |
| Count III | intentional tort |

Defendant timely removed the case to federal court based on plaintiff's ERISA claim.

Defendant also asked the Court to exercise supplemental jurisdiction over the state law

claims. (See Doc. 1, Notice of Removal at ¶ 8).  The Court, following a January 9, 2018

status conference with the parties, declined to exercise supplemental jurisdiction over

the state law claims and remanded Counts I and III to state court.  (Doc. 7).

     Prior to the status conference and the Court's remand order, on November 22,

2017, defendant filed a motion to dismiss, or in the alternative summary judgment.

(Doc. 3).  As to the ERISA claim, defendant says that (1) plaintiff failed to plead exhaustion, or that exhaustion would be futile, (2) plaintiff's breach of fiduciary duty claim is duplicative of his claim for benefits, and (3) defendant is not a fiduciary under ERISA.  The Court directed plaintiff to file a response to the motion by March 2, 2018 which was later extended to March 6, 2018.  <u>See</u> Doc. 10 and staff note of March 5, 2016.  March 6 has passed and plaintiff has not responded to defendant's motion.

II.

The law in this Circuit is not clear on whether a failure to respond to a dispositive motion constitutes a sufficient ground for granting the motion.  In <u>Carver v. Bunch</u>, 946 F.2d 451, 453-54 (6th Cir.1991), the Sixth Circuit held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute.  The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion.  <u>See</u> <u>Scott v. State of Tennessee</u>, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir.1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); <u>Humphrey v. United States AG Office</u>, 279 F. App'x 328, 331 (6th Cir. 2008) (internal citations and quotations omitted).

While plaintiff's failure to respond could be considered a failure to prosecute, the Court declines to grant defendant's motion on these grounds.  Rather, the Court has reviewed defendant's motion and finds it to be well-taken.  As fully explained in

2

defendant's brief, plaintiff has not alleged a plausible ERISA claim.

Accordingly, defendant's motion is GRANTED.  This case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 3/20/2018
         Detroit, Michigan